ALBINO NIETO, Plaintiff and Appellee, *v.* ANGEL TORRES ET AL., Defendants and Appellants.

No. 7932. Argued February 8, 1940.—Decided February 15, 1940.

*Enrique Báez García* for appellants.    *A. Ramírez Silva* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The plaintiff herein brought an action of debt to recover the deferred payment on certain piece of property which he alleged to have sold to the defendants for $450, of which $76 was paid cash upon execution of the deed, the defendants promising to pay the balance of $374 within one year to be computed from the date of the execution of the deed, that is, on August 21, 1934, with interest thereon at 1% monthly from the above date until the debt was fully paid; that the obligation having matured, the plaintiff has several times demanded payment of said sum from the defendants, without the same having been paid either fully or partially, nor interest thereon, as agreed in case of default.

The defendants denied the allegations of the complaint and alleged in a cross complaint that the plaintiff had applied to them for a loan of $66, for the purpose of paying to Ramón Aldecoa a similar sum which he owed to the latter, secured by a sale with agreement to reconvey, which obligation had matured and payment thereof demanded by the obligee; that the defendants and cross complainants consented and delivered to him $66 for the cancellation of the said mortgage, and $10 in addition for notary's fees, there being then executed a deed of sale of the property in question, but it was agreed between the parties that the said deed was only security for the $76 advanced as a loan; that pursuant to the above stipulation the purchasers never took possession of the property in question nor did they exercise any act of ownership over the property, and that the vendor continued, not-

withstanding the apparent sale, in possession thereof and exercised over it acts of ownership and received its fruits; that at the expiration of the term on August 21, 1934, the plaintiff and cross defendant had not paid the said amount either fully or partially in spite of the demands for payment served by the cross complainants. The cross complaint closes with the prayer that the plaintiff and cross defendant be adjudged to pay to the cross complainants the sum of $76 as principal and legal interest thereon from the filing of the complaint, and costs.

The Municipal Court of Mayagüez, where the suit originated, found for the plaintiff and dismissed the cross complaint. The case was taken on appeal to the proper district court and upon the retirement of Judge Charles E. Foote, without deciding the case, the same was submitted to the present Judge, F. Navarro Ortiz, on the stenographic record. The latter rendered a judgment sustaining the complaint and dismissing the cross complaint. It is from this decision that the present appeal has been taken.

The first error assigned by the appellants is as follows:

"The court erred in failing to allow the defendant (husband) to testify in regard to the contents of the contract, explaining the terms thereof, thus depriving the said defendant of the opportunity to establish the facts alleged in his cross complaint."

Indeed, in the statement of the case (p. 10) and in connection with the testimony of Angel Torres, defendant and cross complainant, the following appears:

"Q. Explain to the court how that transaction was made.

"A. In 1933 there was executed a mortgage deed between Albino Nieto and. . . . .

"Attorney Ramírez Silva: We object to the admission of evidence other than the deed.

"The court: Objection sustained; the terms of a contract can not be altered with parol evidence. The question at present is not in regard to what was agreed upon; and the terms of the contract can not be changed by saying now that instead of agreeing upon this

they agreed upon something else. What concerns the party is to show that it was not a conveyance because of the fact of the continuance of the possession, and so forth, but not what they stipulated. The court will admit evidence regarding the acts of the parties subsequent to the execution of the deed.

"Atty. Báez García: We take exception."

In our opinion it was error. The evidence submitted by the cross complainant is perfectly admissible: In this respect it is stated in 2 Jones on Evidence in Civil Cases, 4th ed. (1938), p. 851, sec. 446, as follows:

"Mr. Justice Field observed in a leading case: 'It is an established doctrine that a court of equity will treat a deed, absolute in form, as a mortgage, when it is executed as security for a loan of monsy. The court looks beyond the terms of the instrument to the real transaction; and when that is shown to be one of security and not of sale, it will give effect to the actual contract of the parties. As the equity, upon which the court acts in such cases, arises from the real character of the transaction, any evidence, written or oral, tending to show this is admissible. The rule which excludes parol testimony to contradict or vary a written instrument has reference to the language used by the parties. That cannot be qualified or varied from its natural import, but must speak for itself. The rule does not forbid an inquiry into the object of the parties in executing and receiving the instrument.' This has long been the settled rule of courts exercising equitable jurisdiction; and, although there are early cases, now apparently all overruled or abandoned, which held that parol evidence is receivable only on the grounds of fraud or mistake, the doctrine thus restricted now prevails apparently in but one jurisdiction. In some jurisdictions, it was deemed sufficient evidence of fraud for the grantee to treat the conveyance as absolute, whereas in fact it was not. And the tendency of the modern decisions, particularly the later cases, is that such evidence may be received to show the real nature and object of the transaction, although no fraud or mistake of any kind is alleged or proved. It is held that 'the agreement for the defeasance, whether written or unwritten, is no more than one of the conditions upon which the deed was given, and therefore constitutes a part of the consideration for the conveyance.' "

See also the case of *González Franqui* v. *Brice,* 27 P.R.R. 64, and by analogy the more recent one of *Ochoteco* v. *Córdova,* 47 P.R.R. 522.

It further appears from the evidence that actually the defendants and cross claimants were never in possession of the property that apparently they had bought and that the vendor continued in occupation thereof, exercising over it acts of ownership and receiving its fruits.

In view of the facts herein, the evidence of the cross claimant and appellant tending to show the real nature of the transaction between the parties was admissible and that by refusing to admit it the lower court committed a prejudicial error which justifies a reversal of the judgment.

From the foregoing, the appeal must be sustained, the judgment appealed from reversed and the case remanded for further proceedings.